# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KASII THOMAS                                                                                    PLAINTIFF
ADC #113374

v.                                         No. 4:11CV00275 JLH

CAROL V. BOHANNON, Hearing Examiner,
Arkansas Board of Correction, *et al*.                                           DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, Kasii Thomas, is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2.

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: are legally frivolous or malicious; fail to state a claim upon which relief may be granted; or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).[1]

Plaintiff alleges that, on April 7, 2010, Defendants Hearing Examiner Carole V. Bohannon and Arkansas Board of Parole Chairman Leroy Brownlee violated his due process rights when they

---

[1] When making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," *Id.*, "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-63, 127 S. Ct. 1955, 1965-69 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02 (1957)). Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

did not allow his witness, Ms. Terri Jones, to testify on his behalf at the parole revocation hearing and wrongfully revoked his parole. *See* docket entry #2. It is well settled that parole board members and parole hearing officers are entitled to absolute immunity when deciding whether to grant, deny, or revoke parole. *See Ambrose v. Schultz*, Case No. 06-1565, 2007 WL 403502 (8th Cir. Feb. 7, 2007) (unpublished opinion)[2]; *Figg v. Russell,* 433 F.3d 593, 597-98 (8th Cir. 2006); *Anton v. Getty*, 78 F.3d 393, 395 (8th Cir. 1996) (explaining that "parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to judges, and are, therefore, entitled to absolute immunity") (internal quotation omitted). Thus, Defendants Bohannon and Brownlee are entitled to absolute immunity.

Plaintiff also alleges that Defendant Parole Officer Darnell Williams violated his due process rights when he prepared a false or inaccurate parole violation report. *See* docket entry #2. The Eighth Circuit has clarified that a parole officer is not entitled to absolute immunity when preparing a parole revocation report because it is not a quasi-judicial function.[3] *See Jones v. Moore,* 986 F.2d 251, 253 (8th Cir. 1993); *Ray v. Pickett*, 734 F.2d 370, 373 (8th Cir. 1984). Thus, Defendant Williams is not entitled to absolute immunity.

---

[2] This absolute immunity extends to Plaintiff's claim regarding his witness. *See Ambrose*, 215 Fed. Appx. at 565 ("Although [the prisoner's] claim challenging the revocation of his suspended sentence was not based on a decision regarding parole per se, absolute immunity still attached to the parole board members' relevant decisions because they were acting within their powers and in their official capacities.").

[3] In contrast, parole officers are entitled to absolute immunity when making a parole *recommendation*. *See Anton,* 78 F.3d at 396 (holding that a parole officer was entitled to absolute immunity when preparing a parole recommendation because it "had a similar, close connection" to the parole board's decision to delay parole).

Nevertheless, Plaintiff has failed to state a viable § 1983 claim against Defendant Williams because a prisoner's challenge to the "fact or duration of confinement" can only be brought in a habeas action, after all available state remedies have been exhausted. *See Prieser v. Rodriguez,* 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836 (1973); 28 U.S.C. § 2254.

In *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), the Court held that a prisoner must bring a parole challenge in a habeas action "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."[4] Unlike this case, the prisoners in *Wilkinson* were challenging the constitutionality of the state's parole procedures, and not the outcome of their individual parole decisions. *Id.* Success on the merits would have entitled the prisoners to new state parole procedures, but *not* release on parole. Thus, the Court held that they could proceed with their claims in a § 1983 action.

Here, Plaintiff contends that his parole revocation report was inaccurate. Success on the merits of that claim would invalidate Plaintiff's parole revocation and his current confinement. Thus, he can only raise that claim in a federal habeas action *after* he has fully exhausted his available remedies in state court.

IT IS THEREFORE ORDERED THAT:

1.    Pursuant to the screening process mandated by 28 U.S.C. § 1915A, this case is DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.    Dismissal of this action CONSTITUTES a strike pursuant to 28 U.S.C. § 1915(g).

---

[4] The Court emphasized that this rule applies regardless of whether the prisoner seeks damages or equitable relief. *Id.*

3.  The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／ J. Leon Holmes
　　　　　　　　　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE